IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRISTINA MYERS,

Plaintiff,

v.

Case No. 17-2682-CM

VIRGIL BREWER,

Defendant.

**ORDER**

This case involves the 2017 shooting death of Steven Myers by defendant Virgil Brewer, acting in his capacity as Barber County Undersheriff. Plaintiff Kristina Myers filed this excessive force civil rights action on November 30, 2017, against defendants Brewer and Lonnie Small, the acting Barber County Sheriff. Defendants filed motions to dismiss.[1] The presiding U.S. District Judge, Carlos Murguia, dismissed Small from the case.[2] Judge Murguia granted Brewer's motion to dismiss in part but denied the motion with respect to his qualified immunity argument.[3] Defendant appealed the decision to the Tenth Circuit and, on August 3, 2018, this court stayed the case pending the resolution of

[1] ECF Nos. 10, 17.

[2] ECF No. 35.

[3] *Id.*



O:\ORDERS\17-2682-CM-54.DOCX

the appeal.[4] Meanwhile, on September 5, 2018, the State of Kansas charged defendant with involuntary manslaughter in Barber County District Court based on the same shooting.[5]

On July 24, 2019, the Tenth Circuit affirmed Judge Murguia's qualified-immunity ruling.[6] Defendant filed a petition for rehearing on August 7, 2019,[7] which the Tenth Circuit denied on August 22, 2019.[8] Defendant has notified the court he intends to file a petition for a writ of certiorari with the United States Supreme Court, which is due by November 20, 2019.[9]

On September 4, 2019, plaintiff filed the instant motion to lift the stay, arguing this court resumed jurisdiction after the Tenth Circuit issued its mandate[10] and the court should allow discovery to begin.[11] Defendant opposes the motion, arguing the court should keep the stay in place pending resolution of defendant's petition for writ of certiorari and

---

[4] ECF No. 44.

[5] *See State v. Brewer*, Barber County Case No. 2018-CR-70.

[6] ECF No. 48.

[7] ECF No. 51.

[8] *See Myers v. Brewer, et al.*, Case No. 18-3145 (10th Cir. Aug. 22, 2019).

[9] ECF No. 53.

[10] ECF No. 52.

[11] ECF No. 54.

resolution of the Barber County District Court criminal proceedings.[12] For the reasons discussed below, the court grants plaintiff's motion.

Analysis

Though not cited by the parties, 28 U.S.C. § 2101(f) controls. As uniformly interpreted and applied, § 2101(f) provides that, "only the court of appeals or a justice of the Supreme Court can stay the execution or enforcement of the court of appeals' judgment."[13] Courts in this district have interpreted this statute as prohibiting a district court from issuing a stay during the pendency of a petition to the Supreme Court for writ of certiorari.[14] In *Vogt v. City of Hays, Kansas*, the district court entered judgment for all defendants.[15] After the plaintiff appealed, the Tenth Circuit reversed the dismissal of one defendant and remanded the case to the district court for further proceedings. The court

---

[12] ECF No. 56.

[13] *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2018 WL 2020543, at *1 (D. Kan. May 1, 2018) (citing *Brinkman v. Department of Corrections of State of Kan.*, 857 F. Supp. 775, 777 (D. Kan. 1994)).

[14] *Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL, 2019 WL 3532063, at *2 (D. Kan. Aug. 2, 2019) (citing *Brinkman v. Department of Corrections of State of Kan.*, 857 F. Supp. 775, 776-77 (D. Kan. 1994); *Ventas, Inc. v. HCP, Inc.*, 2011 WL 3678819, at *1-2 (W.D. Ky. Aug. 22, 2011) (federal courts have reached a consensus in ruling that district courts lack jurisdiction to stay execution of an appellate court judgment); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 567-69 (E.D. Pa. 2011); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990)).

[15] *Vogt v. City of Hays, Kansas*, No. 15-1150-JTM-GEB, 2017 WL 1250826, at *3 (D. Kan. Apr. 5, 2017).

set the case for a scheduling conference, but before the conference, the defendant filed a motion to stay. The court analyzed § 2101(f) and "its limitations on the authority of the district court to stay a case following a mandate."[16] Applying the statute, the court concluded that § 2101(f) "[did] not permit it to exercise jurisdiction to stay the Tenth Circuit's final judgment pending the filing of resolution of [the] defendant's petition for writ of certiorari."[17] The court further instructed the defendant it could seek a stay from either the Tenth Circuit or the Supreme Court.[18]

Accordingly, "once the court of appeals has issued its mandate . . . any subsequent appeal to the Supreme Court is of the judgment of the *court of appeals*, not the judgment of the district court."[19] Under § 2101(f) and Fed. R. App. P. 41(d), the power to issue a stay belongs to the appellate courts and the Supreme Court.[20] Defendant previously filed a petition for rehearing, which the Tenth Circuit denied. For this court to grant the stay as requested would permit defendant to obtain in the district court relief that the Tenth Circuit

---

[16] *Id.*

[17] *Id.* at *4.

[18] *Id.*

[19] *Sprint Communications Co., L.P.*, 2019 WL 3532063, at *2.

[20] *Id.*

specifically denied.[21] This court therefore lacks jurisdiction to stay the Tenth Circuit's mandate.

The undersigned recognizes there are ongoing criminal proceedings in Barber County, including a trial that was set to begin on September 23, 2019.[22] On September 27, 2019, the parties submitted a joint update indicating, upon defendant's motion, the criminal case has been transferred from Barber County to Wyandotte County.[23] The trial has been continued to a not-yet-determined date and venue.[24] Defendant may have sound arguments for seeking a stay until the conclusion of the criminal trial, but still this court lacks jurisdiction to stay the Tenth Court's mandate. Defendant has the right to seek a stay from the appellate court, and although defendant's deadline to file a petition for writ of certiorari is not until November 20, 2019, it may be prudent for defendant to file a petition early if he intends to seek a stay.

IT IS THEREFORE ORDERED that plaintiff's motion is granted. By November 1, 2019, the parties shall confer and submit their Rule 26(f) planning meeting report, as set forth in the initial scheduling order filed along with this order. Although the parties may begin discovery, plaintiff shall not depose defendant nor serve interrogatories on defendant

---

[21] *Vogt*, 2017 WL 1250826, at *3.

[22] ECF No. 56.

[23] ECF No. 59.

[24] *Id.*

before the scheduling conference on November 18, 2019. To the extent defendant has specific objections to other discovery served before the resolution of the criminal case, defendant shall raise those objections with the court on an individual basis.

IT IS SO ORDERED.

Dated September 27, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge