IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRISTINA MYERS,

        Plaintiff,

v.                                                                 Case No. 17-2682-CM

VIRGIL BREWER, et al.,

        Defendants.

## **ORDER**

Defendant Virgil Brewer has filed a motion for a protective order staying his deposition and any discovery directed to him in the civil case until his pending criminal case is concluded by acquittal or sentencing (ECF No. 71). The plaintiff, Kristina Myers, opposes the motion and asks the court to allow all discovery to proceed. For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants defendant's motion, but only in part, i.e., discovery directed to defendant in this civil case is stayed just through the conclusion of defendant's scheduled May 2020 criminal trial.

Background

Plaintiff filed this excessive force civil rights action on November 30, 2017 against defendant Brewer, acting in his capacity as Barber County Undersheriff, for the 2017 shooting death of Steven Myers.[1] Defendant was also criminally charged with one count

---

[1] Over plaintiff's objection, the other named defendant, Lonnie Small, who was the acting Barber County Sheriff at the time of the shooting, was dismissed from the case on June 27, 2018. *See* ECF No. 35.

of involuntary manslaughter in *State v. Brewer*, Barber County Case No. 2018-CR-70. In the above-captioned civil case, the presiding U.S. District Judge, Carlos Murguia, denied Brewer's motion to dismiss with respect to his qualified immunity argument. The undersigned stayed discovery while defendant appealed that decision to the Tenth Circuit.[2] After the Tenth Circuit affirmed Judge Murguia's qualified-immunity ruling and denied defendant's petition for rehearing,[3] this undersigned lifted the stay on September 27, 2019,[4] on account of lack of jurisdiction to stay the Tenth Circuit's mandate. The undersigned instructed the parties to confer and submit their Rule 26(f) planning report; this allowed for discovery to begin, although not discovery served to defendant, nor a deposition of defendant.[5] Defendant filed a petition for writ of certiorari with the United States Supreme Court on November 19, 2019.[6]

    The undersigned held a scheduling conference on November 26, 2019. Although plaintiff had filed a notice for the deposition of defendant for December 19, 2019, the parties agreed at the scheduling conference the deposition was stayed until the issue could be decided by the court, i.e., defendant had filed the instant motion on November 25, 2019. At the scheduling conference, the parties related that the criminal case had been transferred

---

[2] ECF No. 44.

[3] ECF Nos. 48, 51; *Myers v. Brewer, et al.*, Case No. 18-3145 (10th Cir. Aug. 22, 2019).

[4] ECF No. 60.

[5] *Id.*

[6] ECF No. 71.

from Barber County to Wyandotte County and that it was firmly set for a two-week trial beginning May 4, 2020.[7] Further, defendant indicated he intended to seek a stay of all discovery from the United States Supreme Court, on the basis of his qualified-immunity defense.[8]

Analysis

Rule 26(c) provides that upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Discovery may be proscribed or limited to prevent abuse.[9] Courts have broad discretion to decide when a protective order is appropriate and what degree of protection is required.[10] The party seeking a protective order has the burden to demonstrate good cause.[11] In determining whether good cause exists, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined

---

[7] *Id.*

[8] *Id.*

[9] *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010).

[10] *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The modification of a protective order, like its original entry, is left to the sound discretion of the district court."); *see also Univ. of Kan. Ctr. For Research, Inc. v. United States*, No. 08-2565, 2010 WL 571824, at *3 (D. Kan. Feb. 12, 2010) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[11] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

3

and serious injury.'"[12] The moving party must show "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[13]

A court isn't required to issue a protective order or otherwise stay civil discovery targeted to defendant while a related criminal proceeding is pending.[14] Rather, "the propriety of postponement is a matter for the exercise of the trial court's discretion."[15] Courts considers several factors to determine whether to stay discovery targeted to the defendant, including "the extent to which the civil and criminal cases overlap, the status of the criminal case, prejudice to the plaintiff if the case is stayed, the interests of the defendant, and the interests of the public and the court."[16]

The first two factors weigh in favor of defendant. Self-incrimination is more likely where the issues in a criminal case significantly overlap with those in a civil case.[17] Here,

---

[12] *Reed*, 193 F.R.D. at 691 (citing *Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan. 1995) (internal quotations omitted)).

[13] *Univ. of Kan. Ctr. For Research*, 2010 WL 571824 at *3 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[14] *Am. Multi-Cinema, Inc. v. Jones*, No. CIV.A. 88-2615-O, 1989 WL 32211, at *1 (D. Kan. Mar. 30, 1989) ("Although postponement might be appropriate in a particular instance, we believe that the law does not require postponement of civil discovery until fear of criminal prosecution is gone.").

[15] *Id.*; *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985) (listing cases where courts have allowed postponement of civil discovery until termination of related criminal proceedings and others where courts deemed postponement inappropriate).

[16] *Garcia v. City of Leavenworth, Kansas*, No. 19-2049-JAR-KGG, 2019 WL 3302306, at *2 (D. Kan. July 23, 2019).

[17] *Id.* (citing *In re CFS–Related Securities Fraud Litigation*, 256 F.Supp.2d 1227, 1236–37 (N.D. Okla. 2003)).

defendant has been criminally indicted in relation to the same shooting incident at issue in the civil matter. Undoubtedly, there is significant overlap of the issues in both matters. Similarly, the status of the criminal case, with a firm trial setting in May 2020, weighs in favor of granting the protective order. Defendant maintains the protective order need only be in place "until such time as a verdict of not guilty has been returned or sentencing has been completed in the criminal action."[18] Defendant then "will be in a position to testify and not later seek to withdraw an assertion of the Fifth Amendment privilege."[19]

The factor most persuasive to the court here is the risk of prejudice to defendant. He first contends "a question-by-question examination of privilege is impractical for a party deposition."[20] Of course, the mere fact the deposition may take longer if defendant has to assert his Fifth Amendment privilege question-by-question than it otherwise would doesn't make it impractical or unduly oppressive. More significantly, defendant argues a deposition before his criminal trial would "subject him to serious harm in that he risks waiver of the Fifth Amendment privilege if he answers questions that relate in any way to the claims against him arising from the death of Steven Myers – including his employment as the Undersheriff or any actions involving the decedent."[21]

---

[18] ECF No. 71.

[19] ECF No. 79 at 2.

[20] ECF No. 71 at 8.

[21] *Id.*

5

The law is clear that "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege,"[22] and it is permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege.[23] But the court should consider the extent to which a party's Fifth Amendment rights are implicated because "allowing a civil case to proceed against a defendant who also may be subject to criminal prosecution involving the same matter may undermine the defendant's Fifth Amendment privilege."[24]

Courts have recognized the bind defendants are in as a result of potential adverse inferences from exercising their Fifth Amendment privilege.[25] The court agrees defendant's civil deposition would "necessarily implicate his right against self-incrimination."[26] If defendant asserts his Fifth Amendment privilege during the deposition, which the parties agree he has the right to do, plaintiff may (and would be permitted to) use that invocation in the civil trial as a basis for the jury to infer civil liability – regardless

---

[22] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080–81 (10th Cir. 2009).

[23] *Garcia v. City of Leavenworth, Kansas*, No. 19-2049-JAR-KGG, 2019 WL 3302306, at *3 (D. Kan. July 23, 2019) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)).

[24] *Kreisler*, 563 F.3d at 1080–81; *Hobley v. Chicago Police Commander Burge*, 225 F.R.D. 221, 225 (N.D. Ill. 2004).

[25] *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1240 (N.D. Okla. 2003) explaining some courts have found "defendants' interests outweighed judicial efficiency in this circumstance," whereas other courts used "less drastic methods in lieu of a stay").

[26] ECF No. 79 at 4.

of the outcome of the criminal trial.  This is precisely the type of quandary defendant seeks to avoid.

Without commenting on the parties' trial strategies, the court sees a reasonable solution at this juncture that does not unduly prejudice either party.  Entering protective orders, similar to time-limited discovery stays or sealed discovery responses, is a procedure "that can be utilized to lessen the detriment to a defendant facing such a quandary."[27]  In *Hobley v. Chicago Police Commander Burge*, the non-party deponents moved to stay their depositions until the conclusion of the Special Prosecutor's investigation, which the court allowed for a time but eventually lifted after it became apparent "that no end date for the investigation would be established."[28]  At that time, the court allowed a protective order barring dissemination of deposition videotapes and transcripts.  Here, unlike in *Hobley*, the May 2020 trial date imposes a likely end date to the protective order.  Allowing defendant to be civilly deposed only after his criminal trial reduces the prejudice to him without creating an indefinite stay.

The court acknowledges the possibility of another continuance, a hung jury, or a mistrial, which means the stay may ultimately be more open-ended than defendant asserts.  That open-endedness does weigh toward plaintiff's interest in proceeding with discovery.  Plaintiff correctly states "this case has languished for more than two years" without any discovery.  The court's primary interest is "in the quick and efficient management of its

---

[27] *Id.*

[28] *Id.*

caseload,"[29] which also favors denying the protective order. The court is similarly mindful of the hopefully-unlikely scenario that defendant would invoke the privilege to prevent the deposition, then seek to withdraw it to support a motion for summary judgment, which the Tenth Circuit has held is impermissible and which would prejudice plaintiff.[30]

On balance, however, the court finds the prejudice to plaintiff doesn't outweigh the prejudice to defendant. Plaintiff argues it's important to obtain defendant's testimony now because "it will significantly impact her examination of other witnesses."[31] That may be true to a certain extent. But plaintiff already has been able to depose other witnesses in the case, including the former Barber County Sheriff and former Barber County Deputy,[32] without defendant's deposition. Plaintiff's argument that she may lose evidence through continued delays is well-taken, but these interests are trumped by defendant's interest in avoiding the quandary of choosing between waiving his Fifth Amendment rights and effectively forfeiting this civil case.[33]

---

[29] *Stohr v. Scharer*, No. 17-1018-JWB, 2018 WL 2427427, at *3 (D. Kan. May 30, 2018).

[30] *S.E.C. v. Smart*, 678 F.3d 850, 855 (10th Cir. 2012).

[31] ECF No. 75 at 5.

[32] ECF No. 79 at 1-2.

[33] *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) ("This is particularly true where the subject matter of both cases overlaps to a significant degree and the criminal case is expected to be resolved by the end of this year.").

Although it's a close call, after careful consideration of the parties' arguments, the court finds the factors weigh in favor of staying discovery to defendant until after the conclusion of the May 2020 trial. The court is unpersuaded, at least at this juncture, that defendant is entitled to a stay through sentencing if he's convicted. Nor is the court presently persuaded that defendant should get a stay beyond May 2020 should the criminal trial be postponed or result in a mistrial. The court will deal with those possibilities if and when they become pertinent, based on a presumably more definite record.

IT IS THEREFORE ORDERED that defendant's motion for a protective order (ECF No. 71) is granted in part, i.e., only through conclusion of the scheduled May 2020 criminal trial.

Dated December 30, 2019, at Kansas City, Kansas.

<u>  s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge